UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EFREM O. LABOKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0043 (ESH) |
| ) | |
| GRAFTON CITY HOSPITAL, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Proceeding *pro se*, plaintiff Efrem O. Laboke, a resident of Farmington, West Virginia, filed this civil action against two West Virginia hospitals, Grafton City Hospital and United Hospital Center, and two "resident physicians" at those hospitals, Dr. Ola Adeniyi and Dr. Guirguis G. Nabil.[1/] Although the nature of plaintiff's claims is not entirely clear from the complaint, the claims relate to the death of plaintiff's wife while under the defendants' care in West Virginia. In particular, plaintiff alleges that Dr. Adeniyi illegally signed certain papers concerning hospice care for his wife (Compl. at 2), and that Dr. Nabil performed surgery on his wife without consent at the United Hospital Center (*id.* at 4-5). Because it is clear from the face of the complaint that all of the events giving rise to plaintiffs' claims occurred in West Virginia, and because the case does not have any connection to this district, the Court will *sua sponte*

---

[1/] The caption of plaintiff's complaint lists only the two hospitals and Dr. Adeniyi as defendants; however, an attachment to the complaint includes allegations concerning Dr. Nabil, whom plaintiff also identifies as a defendant. (Compl. at 4-5.)

transfer the case to the Northern District of West Virginia pursuant to 28 U.S.C. § 1404(a).

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). There is no question that this case could have been brought in the Northern District of West Virginia. Both of the hospitals at which plaintiff's wife received medical care are located in that district, and all of the events giving rise to plaintiff's claims occurred there. *See* 28 U.S.C. § 1391(b) ("[a] civil action wherein jurisdiction is not founded solely on diversity of citizenship may . . . be brought . . . [in] a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .").[2] In these circumstances, where the case has *no* connection to this jurisdiction and every connection to another district, transfer will serve both the convenience of the parties and witnesses and the interest of justice. *See Kirby v. Mercury Sav. & Loan Ass'n*, 755 F. Supp. 445 (D.D.C. 1990) (transferring case *sua sponte* to the Southern District of California pursuant to 28 U.S.C. § 1404(a) where case involved California parties, witnesses, facts and law and had "virtually nothing to do with [the District of Columbia]"). Accordingly, it is hereby

**ORDERED** that this case be transferred to the United States District Court for the Northern District of West Virginia; and it is

**FURTHER ORDERED** that the Clerk of this Court shall transmit all records and papers in this action to the Clerk of the Court for the United States District Court for the Northern

---

[2] Jurisdiction in this case cannot be based on diversity as plaintiff and the two hospital defendants are citizens of West Virginia. *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 125 S. Ct. 2611, 2623 (2005) (federal jurisdiction under 28 U.S.C. § 1332 requires complete diversity). The citizenship of Dr. Adeniyi and Dr. Nabil is not alleged.

District of West Virginia, together with a certified copy of this Order.

**SO ORDERED**.

/s/
_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   January 12, 2007